RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7/6/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

OUACHITA INDEPENDENT BANK                  Docket No. 1:12-cv-01030

versus
                                           JUDGE JAMES T. TRIMBLE, JR.
                                           MAGISTRATE JUDGE JAMES D. KIRK
MARTIN W. JOHNSON, ET AL.

## REPORT AND RECOMMENDATION

Before the court is a motion to remand filed by defendants/third party plaintiffs, Dexter Hadnot, JR Group, LLC, Martin W. Johnson, Rajesh Patel, Joyce Rax and Jaydev Sachania (Doc. 13).

### Factual Background

On February 22, 2012, Ouachita Independent Bank ("OIB") filed a petition in the 9th Judicial District Court, Parish of Rapides, Louisiana against Dexter Hadnot, JR Group, LLC, Martin W. Johnson, Rajesh Patel, Joyce Rax and Jaydev Sachania for default as makers and/or guarantors of a promissory note. OIB sought recognition of certain security interests.

On March 9, 2012, defendants/plaintiffs in reconvention/third party plaintiffs filed a pleading entitled "Answer to Petition for Amount Due with Recognition of Security Interests and Reconventional and Third Party Demand" (Doc. 1-2, p. 126). In it, they assert a reconventional demand against OIB and a third party demand against Cobb Corporation. Specifically, they allege that OIB violated its agreement and harassed and discriminated against them based upon their minority-owned status and race. Further,

they allege Cobb negligently and/or intentionally performed an appraisal in violation of FIRREA or federal standards for appraisals and denied them equal opportunity under the law.

Cobb was served with the third party demand on April 2, 2012. On April 27, 2012, Cobb removed the action to this court pursuant to 28 U.S.C. §1441(c) (Doc. 1). On May 22, 2012, defendants/third party plaintiffs filed a motion to remand arguing that Cobb lacked the consent of OIB as required under §1441(c) (Doc. 13). On that same date, OIB filed its consent to removal (Doc. 15) to which defendants/third party plaintiffs responded by filing a motion for leave to file a supplemental motion for remand in which they note OIB's consent was untimely (Doc. 19).[1]

On May 31, 2012, Cobb filed an opposition to the motion to remand and supplemental motion to remand asserting that it need not obtain OIB consent because the claim against OIB was not removable (Doc. 20). On June 12, 2012, OIB filed it opposition noting it joined the opposition filed by Cobb (Doc. 23).

## Law and Analysis

The party seeking to invoke the court's jurisdiction bears the burden of establishing federal subject matter jurisdiction and that removal is proper. Additionally, removal statutes are to be strictly construed and doubts are to be construed against removal

---

[1] The motion for leave was granted by the undersigned by separate order on this date.

and in favor of remand. <u>Manguno v. Prudential Property and Cas. Ins. Co.</u>, 276, F.3d 720 (5th Cir. 2002); <u>Gasch v. Hartford Acc. & Indem. Co.</u>, 491, F.3d 278 (5th Cir. 2007).

The removal statute at issue here, 28 U.S.C. §1441(c), provides:

(1) If a civil action includes:

(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

(B) a claim not within the original or supplemental jurisdiction of the district court or claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

(2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. **Only defendants against whom a claim described in (1)(A) has been asserted are required to join in or consent to removal under paragraph (1).**

(Emphasis added).

Cobb and OIB contend that part (A) of the statute deals with removable claims and part (B) deals with nonremovable claims. It further contends that the reconventional demand against OIB is nonremovable, though they fail to state why. It is assumed by the undersigned that the statement is based upon the fact that OIB is the plaintiff and cross claim defendant, neither of which are allowed to remove cases pursuant to long standing case law.

3

Shamrock Oil and Gas Corp. v. Sheets, 313 U.S. 100 (1941). However, as explained by the Fifth Circuit in Doe v. Kerwood, 969 F.2d 165, 167-168 (5th Cir. 1992), even if the codefendant would not be able to remove the case, it must still consent to any removal.

OIB did eventually file a notice of consent but it was untimely. A fact which is not contested by either Cobb or OIB.[2] While exceptional circumstances might permit removal even when consent is untimely, no such circumstances have been alleged. Thus, the case should be remanded to th 9th Judicial District Court, Rapides Parish, Louisiana.

## Conclusion

IT IS RECOMMENDED that the motion to remand (Doc. 13) be GRANTED and the case be remanded to the 9th Judicial District Court, Rapides Parish, Louisiana.

IT IS FURTHER RECOMMENDED that the motion to amend be declared MOOT in light of the foregoing recommendation.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days

---

[2] In cases involving multiple defendants, including subsequently added defendants, the thirty day period for removal begins to run as soon as the first defendant is served if the case is then removable. It follows that, because all then served defendants must join in the removal, the joining must also occur within thirty days of service on the first served defendant. Getty Oil Corporation v. INA, 841 F.2d 1254 (5th Cir. 1988)

from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this 5th day of July, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE