RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/4/12
gpg

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| OUCHITA INDEPENDENT BANK | CIVIL ACTION NO. 12-1030 |
| VERSUS | JUDGE TRIMBLE |
| THE JR GROUP, LLC, ET AL. | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING AND JUDGMENT

The above-captioned suit was originally filed by plaintiff Ouchita Independent Bank ("OIB") in the Ninth Judicial District Court for the Parish of Rapides, Louisiana on Febrauary 22, 2012.[1] OIB's state court petition asserted claims against JR Group, Martin W. Johnson ("Johnson"), Joyce Rax ("Rax"), Rajesh Patel ("Patel"), Jaydev Devji Sachania ("Sachania") and Dexter L. Hadnot ("Hadnot") (collectively "JR defendants") based on alleged default as makers and/or guarantors of a promissory note dated November 1, 2010.[2] The JR defendants answered the suit on March 9, 2012 and made reconventional demand for harassment and discrimination based on race against OIB, as well as a third party demand for negligent or intentional violation of FIRREA, federal and state appraisal standards against Cobb Corporation ("Cobb").[3] Third-party defendant Cobb removed the suit to this court on April 27, 2012.[4] Cobb asserted that removal was proper because the claims against it by JR defendants arose under federal law, involved federal questions and were removable under 28 U.S.C. § 1441(c).[5]

---

[1] R. 1-2.
[2] Id.
[3] Id.
[4] R. 1-1.
[5] Id. at p. 3.

1

JR defendants filed a motion to remand on May 22, 2012, alleging that Cobb failed to demonstrate the consent of OIB to removal, which was required under Section 1441(c).[6] OIB filed a notice of consent to removal on the same day.[7] Cobb responded in opposition to the motion, arguing that JR defendants' motion to remand misconstrued Section 1441(c).[8] OIB joined Cobb's opposition by adoption.[9] JR defendants' motion to remand was referred to the magistrate judge, who issued a report and recommendation thereon with opportunity for objections.[10] The delays for all such objections having now expired, the matter is properly before the undersigned for review.

28 U.S.C. § 1441 provides, in part, as follows:

> (a) Generally. – Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) Removal based on diversity of citizenship. – (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>     (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may    not    be removed if any of the parties in interest            properly joined and served as defendants is a citizen of the    State in which such action is brought.
>
> (c) Joinder of Federal law claims and State law claims. – (1) If a civil action includes –
>
>     (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

---

[6] R. 13.
[7] R. 16.
[8] R. 20.
[9] R. 23.
[10] R. 28.

2

> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

Citing Doe v. Kerwood,[11] the magistrate judge found that, although OIB would not be permitted to remove the suit based on JR defendants' reconventional demand alleging violation of federal law, OIB was still required to consent to removal.[12] The magistrate judge further found that, while OIB did file a notice of consent to removal, such consent was untimely and was not subject to equitable remedy based on exceptional circumstances.[13] Consequently, the magistrate judge recommended that the suit be remanded to the Ninth Judicial District Court for further proceedings.

Having carefully reviewed the entire record in this matter, particularly the motion to remand and its supporting and opposing briefs, as well as the objections to the magistrate judge's report and recommendation filed by Cobb, the court finds that the report and recommendation of the magistrate judge is correct under applicable law and jurisprudence and should be adopted by order.

In Doe v. Kerwood, the U.S. Fifth Circuit Court of Appeals considered whether or not removal pursuant to 28 U.S.C. 1441(a) required the consent of all defendants in a case. Citing its

---

[11] 969 F.2d 165 (5th Cir. 1992).
[12] R. 28 at p. 4.
[13] Id.

own earlier ruling in Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants Local 349, the Fifth Circuit reiterated that the language of Section 1446(a) required the consent of all defendants.[14] Further exploring the "rule of unanimity," the court explained that 1446(a) was interpreted as mirroring the language of 1441(a), which provided that "the defendant or defendants" can remove a case over which federal courts have original jurisdiction.[15]

Since the court's ruling in Doe, both Sections 1441 and 1446 have been amended. The language of Section 1441 cited above is the amended version, which is applicable to this suit because the suit was instituted after January 6, 2012.[16] Given that Cobb based its removal in this case on 28 U.S.C. § 1441(c), the changes to that subsection are paramount in our considerations. As asserted by Cobb, subsection (c) did not exist at the time Doe was decided.

Under subsections (c)(1)(A) and (c)(2), only defendants against whom "claims arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title)" must join or consent to removal when a suit involves both removable claims under (c)(1)(A) and nonremovable claims under subsection (c)(1)(B), described as "claims not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute[.]"

The counterclaims filed against OIB by JR defendants are the sole consideration for purposes of whether or not OIB's consent was required in this matter. JR defendants' answer and counterclaim clearly allege violations of "Louisiana law, and Federal law, including the Equal Credit Opportunity Act, 42 U.S.C. Sect. 1981, FIRREA."[17] JR defendants' claims against

---

[14] Doe, 969 F.2d at 167.
[15] Id.
[16] 28 U.S.C. § 1332 note; MB Financial, N.A. v. Stevens, 678 F.3d 497 (7th Cir. 2012); Pacheco v. St. Luke's Emergency Associates, P.C., 2012 WL 3044245, *6 n. 4 (D.Mass. 7/20/2012).
[17] R. 1-2 at p. 139.

OIB fall within the original and supplemental jurisdiction of this court.[18] Cobb demonstrates no statute barring removal of such claims. OIB's inability to remove these particular claims is not the result of statute deeming them nonremovable, but of the legal maxim that OIB is not a "defendant" within the meaning of Section 1446(a), which provides that a "defendant or defendants" may remove a suit to federal court.[19] Thus, we find that the claims asserted against OIB by JR defendants are of the type described in subsection (c)(1)(A), which results in OIB's consent being requisite to proper removal of this suit under 28 U.S.C. 1441(c).

Though the amendment of both Sections 1441 and 1446 does specifically excuse certain defendants from joining or consenting to removal in mixed claim suits, were we to apply Cobb's suggested theory here, the result would not be supportable. In this particular case, this court would be constrained to sever JR defendants' claims,[20] which are in notable portion federally-based, from the other federal and state law claims of this suit and remand them to the Ninth Judicial District Court. This result makes little sense when you consider that, under Section 1441(c)(2), this court will retain OIB's original Louisiana law claims against JR defendants.

Based on our reasoning above, the court concludes that OIB's consent was required for proper removal under 28 U.S.C. § 1441(c) and, as stated by the magistrate judge in the previously issued report and recommendations, OIB's consent, once given, was untimely under 28 U.S.C. § 1446.

Considering the forgoing, it is hereby

---

[18] 28 U.S.C. §§ 1331, 1367.
[19] 28 U.S.C. § 1446(a); Shamrock Oil & Gas Corporation v. Sheets, 313 U.S. 100 (1941).
[20] Section 1441(c)(2) provides, in part, that "[u]pon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed."

**ORDERED, ADJUDGED** and **DECREED** that the report and recommendation of the magistrate judge is **ADOPTED**[21] in full and, accordingly, JR defendants' motion to remand now pending before this court is **GRANTED**.[22] Therefore, this suit is hereby **REMANDED** to the Ninth Judicial District Court for the Parish of Rapides, State of Louisiana for all further proceedings. It is further

**ORDERED** that OIB's motion to amend its complaint, also pending before the court is **DENIED** as **MOOT**.[23]

While the court is content that the proper result is reached herein, we do agree with Cobb's observation that no Fifth Circuit jurisprudence addresses the application of the 2011 amendments to both 28 U.S.C. § 1441 and § 1446, particularly with respect to whether or not consent is required from a plaintiff who becomes a defendant to a counterclaim, such as in the instant case. The court agrees that this issue is an important one for purposes of judicial economy and, to that end, hereby certifies this ruling for appeal to the United States Fifth Circuit Court of Appeals pursuant to 28 U.S.C. 1292(b) based upon our finding that this ruling involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation.

Considering the above, it is further

**ORDERED** that the effective date of this judgment is delayed for a period of fourteen (14) days from this date to allow defendants adequate time to file any desired appeal or to apply for writs. To that end, the Clerk of Court is ordered to delay for the same period of fourteen (14) days before returning the record in this case to the Ninth Judicial District Court and, of course, for a longer period of time if defendants file an appeal or seek writs in this matter.

---

[21] R. 28.
[22] R. 13, 26.
[23] R. 16.

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this ___ day of September, 2012.

　　　　　　　　　　　　　　　　　　　　　　　JAMES T. TRIMBLE, JR.
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE